HARDY, Judge.
This is a suit by plaintiff employer and its compensation insurer for the recovery of amounts paid for workmen’s compensation and medical expenses by reason of in *793 juries suffered by an employee allegedly resulting from negligence attributable to defendants. Plaintiffs appealed from judgment rejecting their demands.
By stipulation of counsel on trial all issues tendered by the pleadings were reduced to determination of the issues of negligence and contributory negligence.
The alleged accident which forms the basis for this action occurred on a private road on the premises of the plaintiff-employer, Sicily Island Gravel Company, Inc. It is contended on behalf of plaintiffs that Fair Johnson, an employee of the Sicily Island Company, on the afternoon of November 14, 1958, was driving one of the company’s .dump trucks, loaded with five yards of gravel, downhill on the way to the employer’s gravel pit; that as he rounded a curve in the road he was confronted by a tandem dump truck and trailer unit, loaded with fourteen yards of gravel, owned by defendant, Hatfield Company, driven by Hugh McClure, its employee; that the Hatfield vehicle was being driven in the middle of the road, leaving no room for the Sicily Island truck to pass; that Johnson was confronted with an emergency; that he could not pull off of the road to the right for fear of his vehicle leaving the road and overturning down a sharp declivity, and that he jumped out of the left hand side of the cab of his vehicle, the door having been completely removed, whereupon he was struck, knocked to the ground and run over by the left front dual rear wheel of the Hatfield tandem trailer. The accident occurred during a rain which had begun falling at or about noon and which had rendered the road surface slippery and dangerous to vehicular traffic.
Defendants categorically denied plaintiffs’ factual allegations and additionally averred that the Hatfield truck driven by McClure, although on the premises of the Sicily Island Company at or about the time of the alleged accident, was not involved; that there was no collision between the vehicles, and, finally, that the accident did not occur as alleged, but any injury to Johnson was the result of some undetermined and unknown cause.
Proceeding to a consideration of the evidence, we are convinced that the testimony of Fair Johnson, upon the validity of which plaintiffs’ claims must ultimately rest, is completely incredible and unworthy of belief. This witness, who was the injured employee, testified that he first observed the approach of the Hatfield truck as he rounded a sharp curve, which had obscured visibility, when the two vehicles were separated by a distance of only fifteen feet; that he jammed on his brakes, realized he could not stop, and fearful of his vehicle plunging off the declivity of his right, jumped out of the left hand side of the cab when the Hatfield truck was only five feet away. Conceding that the vehicles were approaching one another, at exceedingly slow rates of speed, it is nonetheless obvious that the time element involved renders Johnson’s story unbelievable. Neither the testimony nor the photographs of the site of the alleged occurrence admits of a finding that visibility was obscured or even impaired for a distance of beyond fifteen feet.
In an effort to corroborate Johnson’s version of the accident the testimony of one Clay Smith, a fellow employee, was tendered on behalf of plaintiffs. Smith’s testimony is so confused and confusing, so filled with irreconcilable discrepancies, that it does not justify detailed discussion.
Without the necessity for considering the affirmative defense urged by defendants, it is evident that plaintiffs have woefully failed to establish their contentions, and, accordingly, there being no ascertainable error on the part of the trial judge, it follows that the judgment should be, and accordingly it is, affirmed at appellants’ cost.